## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In Re:

LESLIE A. SWEET,

     Debtor.

CASE NO. 6:09-BK-06781-ABB
CHAPTER 11

_____ /

## EMERGENCY MOTION BY U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE LEHMAN BROTHERS SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES 2007-3, FOR RELIEF FROM THE AUTOMATIC STAY, OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

### (Emergency Hearing Requested)

U.S. Bank National Association, as Trustee of the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates 2007-3, by its attorney in fact, Aurora Bank FSB, f/k/a Lehman Brothers Bank[1] ("Movant"), and pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001, files this emergency motion for the entry of an order granting Movant relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code to permit it to continue its mortgage foreclosure action against certain interests in real property owned by the debtor, Leslie A. Sweet ("Debtor"), showing the Court as follows:

### PARTIES AND JURISDICTION

1.     On May 18, 2009 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Limited Power of Attorney authorizing Aurora Bank, FSB, f/k/a Lehman Brothers Bank to file and prosecute the instant motion is attached hereto as Exhibit "A".

2.      This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(G) and 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The relief requested herein is based upon Section 362(d)(1) and (2) of the Bankruptcy Code.

## BACKGROUND FACTS

4.      On or about May 23, 2007, in connection with a $232,500.00 loan ("Loan"), the Debtor executed and delivered to Aurora Bank FSB, f/k/a Lehman Brothers Bank, FSB (the "Bank"), a promissory note dated May 23, 2007, in the original principal amount of $232,500.00 ("Note"). A true and correct copy of the Note is attached hereto as Exhibit "B" and is incorporated herein by reference.

5.      By virtue of a Mortgage dated May 24, 2007 ("Mortgage"), which was executed by the Debtor in favor of the Bank and recorded on June 5, 2007 in Official Records Book 3493, Page 2536, Public Records of Osceola County, Florida, the Note is secured by a lien against certain commercial real property commonly known as 215 South Vernon Avenue, Kissimmee, Florida 34741 ("Property") and more particularly described as:

> The South 4.42 feet of Lot 2 and the North 76.58 feet of Lot 3, Block III, of W.A. PATRICK & CO. AND U.P. HUGHEY'S ADDITION TO THE TOWN OF KISSIMMEE, according to the Official Plat thereof, recorded in Plat Book "A", Page 1 of the Public Records of Osceola County, Florida.

A true and correct copy of the Mortgage is attached hereto as Exhibit "C" and is incorporated herein by reference. The Note, Mortgage and all related documents executed and/or delivered in connection with the Loan are referred to collectively hereinafter as the "Loan Documents".

6.      The Loan Documents were assigned by the Bank to Movant by an Assignment of Mortgage and Loan Documents, which was recorded in the Public Records of Osceola County, Florida ("Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit "D" and is incorporated herein by reference.

7.      Movant is the current owner and holder of the Loan Documents.

8.      Prior to the Petition Date, the Debtor was in default under the terms of the Loan Documents because of her failure to make the monthly Note payment due on June 1, 2008 and all subsequent payments.

9.      On or about October 30, 2008, Movant recorded a *Lis Pendens* and commenced a foreclosure action against, *inter alia*, the Debtor, initiating Case No. 08-CA-10342-MF ("Foreclosure Action"), Circuit Court of the 9th Judicial Circuit, in and for Osceola County, Florida ("State Court").

10.     On April 14, 2009, the State Court entered a Summary Final Judgment ("Final Judgment") against the Debtor in the Foreclosure Action, and a foreclosure sale of the Property was scheduled for May 20, 2009 ("Foreclosure Sale"). A conformed copy of the Final Judgment is attached hereto as Exhibit "E" and is incorporated herein by reference.

11.     On May 18, 2009, *two days prior to the Foreclosure Sale*, Debtor filed her voluntary petition for chapter 11 relief. Upon receipt of notice of the Debtor's bankruptcy filing, Movant promptly issued a notice of cancellation of the Foreclosure Sale.

12.     As of the Petition Date, there was due and owing Movant the sum of $290,467.51.[2]

13.     The Debtor concedes in her Schedules and Chapter 11 Case Management Summary that the Property has no equity.   Specifically, in her Schedule D, the Debtor acknowledges a noncontingent and undisputed obligation to Movant, secured by the Property, in the amount of $288,000.00.  In her Schedule A and Chapter 11 Case Management Summary, the Debtor values the Property at $250,000.00.  At the Meeting of Creditors, the Debtor confirmed that the Property is worth $250,000.00 or less and has no equity.  Movant has obtained a recent broker price opinion consistent with the Debtors' valuation.

14.     At the Meeting of Creditors, the Debtor testified that the Property is **not insured.** The Debtor further testified that the property taxes have not been paid.

15.     In her Schedule J, the Debtor advises that she intends to find a new office location to replace the Property.  At the Meeting of Creditors, the Debtor testified that she has not been operating her law practice out of the Property and only makes occasional visits to the office.

## RELIEF REQUESTED

16.     Movant requests that the Court enter an order providing it relief from the automatic stay so that it may pursue its *in rem* rights and remedies with respect to the Loan Documents including, without limitation, continuation of the Foreclosure Action through and including the sale of the Property and the disbursement of the sale proceeds in accordance with applicable law.

---

[2] $288,318.95 + ((34 [days between Final Judgment and Petition Date]/365) X .08 [rate of post-judgment interest in Final Judgment X $288,318.95 [amount of judgment]) = $290,467.51 [total amount due under Final Judgment as of Petition Date].

17.     11 U.S.C. § 362(d)(1) vests this Court with authority to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." In the instant case, cause exists to grant Movant relief from the automatic stay as:

(a)     The Debtor has failed and refused to maintain insurance on the Property as required by the Loan Documents;

(b)     The Debtor has failed to make the payments due under the Note for over a year;

(c)     Movant is undersecured;

(d)     Post-judgment interest continues to accrue, which accrued interest further erodes the value of Movant's secured claim;

(e)     The Debtor continues to enjoy the use and possession of the Property, perhaps subjecting it to waste and/or depreciation, without compensating Movant therefore;

(f)     Movant may be required to make advances to pay real estate taxes to protect and preserve the priority of Movant's lien; and

(g)     The Debtor's stated intent is to find replacement office space, instead of redeeming the Property in the manner provided for in the Final Judgment.

18.     In addition, Section 362(d)(2) provides this Court with authority to grant relief from the automatic stay where (a) "the debtor does not have any equity in the property" and (b) "such property is not necessary to an effective reorganization."

19.     In the present matter, the Debtor concedes the lack of equity.

CASE NO. 09-BK-06781-ABB

20.    In *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375, the Supreme Court described the second prong of Section 362(d)(2) as follows:

> Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the *debtor* to establish that the collateral is "necessary to an effective reorganization." What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property would be needed for it; but the property is essential for an effective reorganization *that is in prospect.* This means, as many lower courts, including the en banc court in this case, have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time.

*Timbers*, supra, 484 U.S. at 375 (internal citations omitted) (emphasis in original).

21.    In the present matter, the Debtor has conceded that the Property is not necessary to an effective reorganization by announcing her intent to find replacement office space. Even if her intent were otherwise, the Debtor's Schedules and Statement of Financial Affairs demonstrate the Debtors' inability to propose a plan of reorganization that could satisfy the debt owed under the Final Judgment.

22.    As the Property has no equity and is not necessary to an effective reorganization, it is appropriate for this Court to grant Movant relief from stay pursuant to Section 362(d)(2).

23.    The Debtor has (a) failed and refused to maintain insurance on the Property as required by the Loan Documents; and (b) effectively stated her intention to surrender the Property. As such, Movant requests that the Court waive the 10-day stay period pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) so that Movant can immediately proceed with resetting the Foreclosure Sale.

CASE NO. 09-BK-06781-ABB

## EMERGENCY HEARING REQUESTED

24.     Movant request an emergency hearing on this motion to avoid the risk of substantial, direct and irreparable harm presented by the Debtor's failure and refusal to maintain insurance on the Property as required by the Loan Documents.

WHEREFORE, Movant respectfully requests that the Court enter an Order: (i) granting Movant relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (2); (ii) waiving the 10-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3); and (iii) granting such other and further relief as the Court deems just and proper.  In the unlikely event that this Court declines to grant Movant relief from stay, Movant requests the entry of an Order: (i) affording Movant adequate protection of Movant's interest in the Property; and (ii) granting such other and further relief as the Court deems just and proper.

**SHUTTS & BOWEN LLP**

/s/ *Stephen P. Drobny*
Stephen P. Drobny, Esq.
Florida Bar No. 55732
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
sdrobny@shutts.com
Phone:  305-358-6300
Facsimile:  305-415-9873
*Attorneys for Aurora Bank FSB, f/k/a Lehman*
*Brothers Bank , attorney in fact for U.S. Bank*
*National Association as Trustee of the*
*Lehman Brothers Small Balance Commercial*
*Mortgage Pass-Through Certificates 2007-3*

CASE NO. 09-BK-06781-ABB

## **VERIFICATION**

STATE OF CALIFORNIA     )
                               )SS:

COUNTY OF ORANGE      )

This day personally appeared before me, Michelle Roman, who after being first duly sworn deposed and said:

1. I am a Special Assets Specialist at Aurora Bank FSB, f/k/a Lehman Brothers Bank, attorney in fact for U.S. Bank National Association as Trustee of the Lehman Brothers Small Balance Commercial Pass-Through Certificates 2007-3 ("Movant"); I make this Affidavit on personal knowledge on behalf of Movant and my statements herein are true.

2. I have read the foregoing motion for relief from stay and, to the best of my knowledge, the facts contained therein are all true and accurate.

     **FURTHER AFFIANT SAYETH NAUGHT.** *Michelle Roman*

Michelle Roman, on Behalf of Aurora Bank FSB, f/k/a Lehman Brothers Bank, attorney in fact for U.S. Bank National Association as Trustee of the Lehman Brothers Small Balance Commercial Pass-Through Certificates 2007-3

STATE OF CALIFORNIA  )
                           )   ss.

COUNTY OF ORANGE   )

BEFORE ME, this day, personally appeared Michelle Roman, who is personally known to me, or who showed his/her _____ as identification, and who after having been duly cautioned and sworn, deposes and states he/she is the person who executed the foregoing Verification, that he has read the same and that the contents therein are true and correct, and acknowledged that he/she executed the same as his free act and deed.

Dated this ____ day of June 2009.

Notary Stamp   *See Attached*

NOTARY PUBLIC
Print Name: _____
Serial No. (if any): _____
Commission Expires: _____

State of California
County of __Orange__

Subscribed and sworn to (or affirmed) before me on this __17th__
day of __June__ , 20 __09__ , by __Michelle Roman__

_____ ,
proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

(Seal)                    Signature_____

JENNIFER HENNINGER
Commission # 1819716
Notary Public - California
Orange County
My Comm. Expires Oct 25, 2012

CASE NO. 09-BK-06781-ABB

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all

parties listed below via ECF or first class U.S. Mail on this 18th day of June, 2009.

/s/ *Stephen P. Drobny*
Stephen P. Drobny

| | |
|---|---|
| Leslie A. Sweet<br>13312 Bonica Way<br>Windermere, FL 34786 | Miriam G. Suarez<br>United States Trustee<br>135 W Central Blvd., Suite 620<br>Orlando, FL 32801 |
| Bank of America<br>Home Loans Servicing<br>Customer Service<br>P.O. Box 5170<br>Simi Valley, CA 93062-5170 | FIA Card Services<br>(Bank of America)<br>P.O. Box 15137<br>Wilmington, DE 19850-5137 |
| Richard E. Larsen<br>Larsen and Associates<br>300 S. Orange Avenue<br>Suite 1200<br>Orlando, FL 32801-3378 | JP Morgan Chase<br>(Formerly WAMU Home Loans)<br>P.O. Box 100569<br>Florence, SC 29502-0569 |
| JP Morgan Chase<br>P.O. Box 15299<br>Wilmington, DE 15950-5299 | JP Morgan Chase<br>Legal Department<br>1191 E. Newport Center Drive<br>Deerfield Beach, FL 33442 |
| GE Money Bank<br>P.O. Box 891064<br>El Paso, TX 79998-1064 | Dilards<br>P.O. Box 981469<br>El Paso, TX 79998-1469 |
| Walmart Discover<br>P.O. Box 981064<br>El Paso, TX 79998-1064 | JC Penneys<br>P.O. Box 96001<br>Orlando, FL 32896-0001 |
| Broyhill/GEMB<br>P.O. Box 981127<br>El Paso, TX 79998-1127 | Home Design –<br>Furniture/GEMB<br>P.O. Box 981127<br>El Paso, TX 79998-1127 |

| | |
|---|---|
| Wachovia Card Services, NA<br>P.O. BBox 660509<br>Dallas, TX 72566-0509 | Sears Gold Master Card<br>P.O. Box 6282<br>Sioux Falls, SD 57117-6282 |
| Wells Fargo Business<br>Direct<br>P.O. Box 348750<br>Sacramento, CA 95834 | American Signature Furniture<br>WFNNB<br>Bankruptcy Department<br>P.O. Box 182125<br>Columbus, OH 43216-2125 |
| First National Bank Omaha<br>P.O. Box 2557<br>Omaha, NE 68103-2557 | Best Finance Corp.<br>P.O. Box 660232<br>Indianapolis, IN 46266 |
| Office Depot<br>P.O. Box 689182<br>Des Moines, IA 50468-9182 | Capital One Bank<br>P.O. Box 30285<br>Salt Lake City, UT 84030-0285 |
| ATT Universal Cards<br>P.O. Box 44167<br>Jacksonville, FL 32231-4167 | Internal Revenue Service<br>Dept. of the Treasury<br>Philadelphia, PA 32231-4167 |
| Osceola County Tax Collector<br>2501 E. Irlo Bronson Highway<br>Kissimmee, FL 34744 | Flat Iron Capital<br>950 17th Street, Sutie 1300<br>Denver, CO 80202 |
| First Florida Finance Corporation<br>P.O. Box 4166<br>Tallahassee, FL 32315 | U.S. Small Business Administration<br>Linda S. Cook, Esq.<br>100 S. Biscayne Blvd., Suite 1005<br>Miami, FL 33131 |
| Michelle Hart<br>1544 Old Alabama Road<br>Roswell, GA 30076-2102 | |