

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEP 15 2009

CLERK U.S. BANKRUPTCY
ORLANDO DIVISION

In re:

LESLIE A. SWEET,

    Debtor.
_____/

Case No. 6:09-bk-06781-ABB
Chapter 11

## ORDER

This matter came before the Court on the Notice Scheduling Status Conference and Directing Debtor File Proof of Insurance (Doc. No. 47) ("Notice") and the Motion to Reinstate Automatic Stay (Doc. No. 49) filed by the Debtor Leslie A. Sweet to reimpose the automatic stay of 11 U.S.C. Section 362(a). A hearing was held on September 10, 2009 at which the Debtor and counsel for U.S. Bank National Association ("U.S. Bank") appeared.

An Order was entered on July 30, 2009 (Doc. No. 41) granting U.S. Bank stay relief to pursue its rights against the Debtor's office building located at 215 South Vernon Avenue, Kissimmee, Florida 34741 ("Property").

The Court directed the Debtor, as conditions for reimposition of the stay, to:

(i)     obtain insurance coverage for the Property and file proof of such coverage listing the complete policy number and the full name and address of the insurance agent or insurance company no later than 5:00 p.m. on Tuesday, September 15, 2009; and

(ii)     designate U.S. Bank National Association, as Trustee of the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates 2007-3 as the loss payee on the policy.

The Debtor has fulfilled these conditions.

The Debtor filed on September 10, 2009 a Certificate of Insurance (Doc. No. 49) issued by Great Florida Insurance through its agent Norman E. Hill setting forth the Property is insured by Omega U.S. pursuant to Policy Number EQUPQ-B with coverage of $200,000/ACV (actual cash value). The policy period is June 24, 2009 through June 24, 2010. Aurora Bank, F.S.B. is named as the Loss Payee. Counsel for U.S. Bank had informed the Debtor "Aurora Bank FSB" should be named the Loss Payee and not U.S. Bank (Doc. No. 49, July 15, 2009 email).

Agent Hill issued a letter on September 14, 2009 stating the insurance policy was instituted on June 24, 2009 and has an annual premium of $2,499.38. The Debtor paid the initial payment of $718.60 and eight monthly installment payments of $243.75 are to be made. The policy lapsed due to the Debtor's failure to make the monthly payments. The Debtor made a payment of $243.75 on September 11, 2009 and the policy was reinstated on September 11, 2009. The policy will remain in force as long as the installment payments are made when due.

The automatic stay of 11 U.S.C. Section 362(a) is due to be reimposed with respect to the Property.

Accordingly, it is

**ORDERED, ADJUDGED AND DECREED** that the Debtor's Motion to Reinstate Automatic Stay (Doc. No. 49) is hereby **GRANTED** and the automatic stay of 11 U.S.C. Section 362(a) is hereby reimposed as to the property located at 215 South Vernon Avenue, Kissimmee, Florida 34741 and having a legal description of:

The South 4.42 feet of Lot 2 and the North 76.58 feet of Lot 3, Block III, of W.A. PATRICK & CO. AND U.P. HUGHEY'S ADDITION TO THE TOWN OF KISSIMMEE, according to the Official Plat thereof, recorded in Plat Book "A", Page 1 of the Public Records of Osceola County, Florida.

**ORDERED, ADJUDGED AND DECREED** that the costs incurred by U.S. Bank in setting the September 2009 foreclosure sale and cancelling such sale shall constitute allowed administrative expenses.

Dated this 15th day of September, 2009.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge